## WEBB, Administrator, v. KEMP.

In proceedings against a sheriff, to render him liable, under the 7th section of the stat. of 7 April, 1826, for failure to return a *fi. fa.* on or before its return day, he may show any circumstance which will legally excuse his failure to return the writ before that time; and where the written return on the writ is offered in evidence by the plaintiff, the facts which it recites will be evidence for the defendant.

APPEAL from the District Court of St. Helena, *Jones,* J. *Merrick,* for the appellant. *Baylies,* for the defendant, cited 1 Mart. N. S. 243, 5 Ib. N. S. 179, 19 La. 482, 9 Rob. 464, to show that the return made on a *fi. fa.* by defendant, having been introduced by plaintiff, was evidence for the former of the facts recited in it. The judgment of the court was pronounced by

KING, J. The defendant, *Kemp,* is sought to be rendered liable for the amount of a writ of *fieri facias* directed to him, which he failed to return within the delay prescribed by law. He pleaded the general issue, and further avers that, immediately after the writ came into his hands, he made a seizure, and that the property levied upon would have been sold within the time prescribed by law, had not the plaintiff ordered the sale to be postponed to a day beyond the return day of the writ; and that he made a sale of the property seized, which produced $100, which sum, he avers, he paid to the plaintiff, and returned the writ.

The only testimony in the record is the execution itself, with the return thereon, which were offered in evidence by the plaintiff. From the latter it appears that the writ was received by the defendant, on the 3d November, 1842; that, on the 15th of the same month, a slave was seized; that the sale was postponed by order of *Thomas Webb,* the plaintiff in execution, until the first saturday in February, 1843; and that, on the 6th of February, 1843, the slave was sold for $100. The writ was not returned until the 9th of August following. The court below rendered a judgment in favor of the defendant, from which the plaintiff has appealed.

We think that the judge did not err. A plaintiff who has authorised the sheriff to protract the execution of a writ beyond the return day, cannot afterwards complain that the latter has failed to make a return within the delay fixed, nor claim to hold him liable for the amount of the execution, in consequence of his failure to make a return within the prescribed delay.

When a sheriff is sought to be rendered liable, under the act of 1826, he may show any circumstance which would legally excuse him for a failure to return, or execute, a *fieri facias.* No more valid excuse can be offered, than the ex-

---

press'instructions of the plaintiff in execution. The complaint, in the present instance, is not that the sheriff failed to return the writ after it had been executed, nor that he refused to execute it; and there is neither allegation nor proof that the plaintiff has suffered damage from the neglect of the sheriff to make a timely return.                    *Judgment affirmed.*